FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHASE J.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | NO: 4:25-CV-05135-RLP<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) denial of disability claims pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in evaluating medical opinion evidence and Mr. J's symptom testimony. Therefore, Mr. J's brief, ECF No. 10, is granted and the Commissioner's brief, ECF No. 13, is denied.

---

[1] Plaintiff's first name and last initial are used to protect his privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 1

BACKGROUND

Mr. J. was born in 1994. He has a high school education and a history of special education classes. Mr. J. has past work at Walmart, Safeway, Fred Meyer and Tyson Foods. He lives with his parents. In addition to cognitive deficits, Mr. J. carries several mental health diagnoses he claims impair his ability to work.

Mr. J. applied for Social Security Disability and Supplemental Income benefits in 2022, alleging an onset date of December 30, 2021. Tr. 19, 21. Mr. J.'s application was denied initially and upon reconsideration. Tr. 161-64. Mr. J. requested a hearing, which was held on October 29, 2024. Tr. 44-72. The ALJ rendered an unfavorable decision on November 5, 2024. Tr. 15-38. The Appeals Council denied review. Tr. 2-7. Mr. J. now appeals to this Court.

STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 2

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 3

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 4

national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ determined Mr. J. had not engaged in substantial gainful employment activity since December 30, 2021, the alleged onset date. At step two, the ALJ found Mr. J. has the following severe impairments: neurodevelopmental disorder, borderline intellectual functioning, personality disorder, attention deficit hyperactivity disorder (ADHD), anxiety disorder, and mood disorder. The ALJ rejected the possibility of any physical disabilities and the ALJ decided that because Mr. J.'s alleged fetal alcohol syndrome had not been formally diagnosed, it was not a medically determinable impairment.

At step three, the ALJ found Mr. J. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. With respect to the RFC, the ALJ found Mr. J. has the capacity to perform a full range of work at all exertional levels, but with the following

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
* 5

nonextertional limitations: he is limited to simple, routine tasks and simple decision making; he can have occasional, superficial interaction with the public; he can have superficial interaction with supervisors and coworkers; and he requires a routine, predictable work environment with no more than occasional changes.

The ALJ skipped step four and proceeded directly to step five. At step five, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Mr. J. can perform, thus rendering him not disabled.

## ANALYSIS

Mr. J. argues the ALJ erred in rejecting the medical opinion testimony of Doctors Cole, Petaja, and Cooper. He also argues the ALJ erred in rejecting his symptom testimony, which was echoed by his lay witnesses. Based on these evidentiary errors, Mr. J. contends the ALJ erred at steps three and five and in assessing his RFC. Given the nature of the alleged errors and the state of the record, Mr. J. requests that this matter not merely be remanded, but that the Court order remand for an award of benefits.

The Court agrees with Mr. J. that the ALJ erred in assessing the evidence. But a remand for benefits is unwarranted. Each assignment of error is addressed in turn.

A.    Medical Opinions

Mr. J. contends the ALJ failed to properly evaluate the opinions of Drs. Kenneth Cole, Holly Petaja, and CeCilia Cooper. Under guiding regulations, an ALJ

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
* 6

must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

### 1. Dr. Kenneth Cole, Psy. D. and Dr. Holly Petaja, PhD.

Dr. Cole evaluated Mr. J. in 2022 and rendered diagnoses of: neurodevelopmental disorder with prenatal alcohol exposure, post-traumatic stress disorder (PTSD), ADHD, major depressive disorder, personality disorder, and borderline intellectual functioning. Tr. 597.

Dr. Cole's evaluation included cognitive testing. Various memory tests (Weschler Memory Scale-IV, Visual Memory, Working Memory, Immediate Memory, and Delayed Memory) resulted in scores in the extremely low range. Tr. 617. Intelligence testing resulted in a Full Scale IQ of 70, Verbal Comprehension Index (VCI) of 78, Perceptual Reasoning Index (PRI) of 77, Working Memory Index (WMI) of 71, Processing Speed Index (PSI) of 68. *Id*. The first four intelligence scores were in the borderline range and the last score was in the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 7

extremely low range. *Id*.

Dr. Cole rated the overall severity of Mr. J.'s mental impairments as severe.[2] Tr. 606. He determined Mr. J. has marked[3] limitations in the areas of: the ability understand, remember, and persist in tasks by following detailed instructions; performing routine tasks without special supervision; adapting to changes in a routine work setting; making simple work-related decisions; asking simple questions or requesting assistance; communicating and performing effectively in a work setting; and setting realistic goals and planning independently. Tr. 612. Dr. Cole assessed severe limitations in the following areas: performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances without special supervision; being aware of normal hazards and taking appropriate instructions; maintaining appropriate behavior in a work setting; and completing a normal work day and work week without interruptions from psychologically based symptoms. *Id*.

As part of the evaluation, Dr. Cole administered a Personality Assessment Inventory (PAI) test, which is designed to assess factors that could distort testing

---

[2] A "severe" rating "means the inability to perform the activity in regular competitive employment or outside of a sheltered workshop." Tr. 597.

[3] A "marked" rating "means a very significant limitation on the ability to perform the activity." Tr. 597.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 8

results. Dr. Cole found Mr. J.'s response pattern "fell outside of the normal range, suggesting that [he] may not have answered in a completely forthright manner." Tr. 599. According to Dr. Cole, Mr. J.'s responses appeared to show "defensiveness about particular personal shortcomings as well as an exaggeration of certain problems." *Id*. Dr. Cole opined that Mr. J.'s exaggerated answers may have been the "the result of confusion or careless responding" or possibly a "cry for help." *Id*. While Dr. Cole did not believe there was a level of distortion that would render Mr. J.'s test results invalid, the results "should be reviewed with caution because the clinical scale evaluations are likely to overrepresent the extent and degree of significant findings in certain areas." *Id*.

Dr. Holly Petaja reviewed Dr. Cole's report and agreed with his findings. Tr. 620.

The ALJ reviewed the opinions from Drs. Cole and Petaja and found them not persuasive. The ALJ was not persuaded by Dr. Cole's intelligence testing results, noting (1) the PAI called them into question; (2) the results were lower than scores obtained in 2016; and (3) the results were inconsistent with Mr. J.'s longitudinal record, which demonstrated normal mental status findings. Tr. 29. Furthermore, regardless of these deficiencies, the ALJ explained Dr. Cole's intelligence test results were inapposite because Mr. J.'s "cognitive abilities are in the borderline range" and are consistent with the ability to sustain gainful

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 9

employment. Tr. 39. Because the ALJ found Dr. Cole's opinion unpersuasive, the ALJ also rejected the opinion from Dr. Petaja. Tr. 30.

The ALJ's assessment of the Cole and Petaja reports was flawed because it was incomplete. The reports do not simply note lower intelligence scores than what was assessed in 2016. They also document significant problems with memory. Tr. 601. It appears Mr. J. had similarly low memory scores in 2016. Tr. 373. In addition, the Cole and Petaja reports document non-cognitive psychological impairments, which the ALJ failed to discuss. The ALJ's analysis states that the cognitive functioning scores are "not consistent with the longitudinal record, which demonstrates normal mental status findings throughout the treatment records, many reports of doing well and even being asymptomatic, and virtually no engagement in any meaningful mental health treatment." Tr. 29.[4] But this brief

---

[4] The Court notes that the ALJ's citation to the "longitudinal record" is limited to one year of Mr. J's primary care appointments, many of which were for conditions unrelated to his mental diagnoses. On remand, review of the longitudinal record should focus on mental health status remarks from mental health professionals. *See Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (statements from a non mental health professional "says little about the extent to which [a claimant] may in fact have been suffering from [mental health] symptoms").

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 10

discussion is inapt as mental health functioning is not the same thing as a cognitive impairment.

### 2. Dr. CeCilia Cooper, PhD.

Dr. Cooper evaluated Mr. J. in 2022. Tr. 481-90. She diagnosed him with generalized anxiety disorder, borderline intellectual functioning, personality disorder, and a history that includes fetal alcohol syndrome (FAS). Tr. 488. Dr. Cooper assessed Mr. J.'s prognosis as "fair." Tr. 489. Dr. Cooper commented on difficulties Mr. J. would likely experience in working with others, but Dr. Cooper did not express an opinion on whether Mr. J. would be unable to maintain employment. Tr. 489. Dr. Cooper's evaluation did not reveal any "evidence of malingering or a factitious disorder." Tr. 484.

Dr. Cooper found Mr. J. has impaired short term memory, but his "remote memory is not impaired." Tr. 485. On intelligence testing, Dr. Cooper found Mr. J.'s scores were in the low-average or borderline ranges. These scores were "slightly lower" than ones that had been determined in 2016. Tr. 487.

The ALJ rejected Dr. Cooper's opinion as unpersuasive. The ALJ focused on the fact that the intelligence test results were lower than what had been obtained in 2016. Tr. 30. And once again, the ALJ opined that this did not really matter because Mr. J.'s borderline intellectual functioning did not render him disabled. *Id*. Rather, the ALJ looked to the longitudinal record which showed a history of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 11

normal mental status findings and lack of engagement in treatment. Tr. 30.

Again, the ALJ's rejection of Dr. Cooper's testimony is flawed because it is incomplete. Like Dr. Cole, Dr. Cooper did not merely perform intellectual testing, she also evaluated Mr. J.'s memory and general mental health. Particularly given Dr. Cooper's assessment that Mr. J. has impaired short-term memory, the ALJ's summary rejection of Dr. Cooper's opinion as unpersuasive constitutes legal error.

B.    Symptom Testimony

Mr. J. contends the ALJ improperly discounted his testimony showing he was unable to work due to the severity of his various conditions.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases."

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 12

*Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ rejected Mr. J.'s statements regarding symptom severity, finding they were not "not entirely consistent with the medical evidence and other evidence in the record." Tr. 26. Because the ALJ's assessment of the medical evidence was flawed, the ALJ's assessment of Mr. J.'s symptom testimony also cannot be sustained.

## C. Nature of Remand

Mr. J. argues that because the ALJ improperly rejected evidence supporting a finding of disability, the appropriate remedy is for the Court to reverse for payment of benefits, rather than remand for additional proceedings.

Courts apply the three-part credit-as-true standard to determine when to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Where the ALJ makes a legal error, but there is a need to resolve conflicting evidence and ambiguities in the record, a remand for an award of benefits is

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 13

inappropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Only where there are no outstanding issues requiring resolution can a witnesses' testimony be credited as true without further proceedings. *Id*. at 1105-06. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill,* 880 F.3d 1041, 1045-46 (9th Cir. 2017).

Here, the record is not clear as to disability. Mr. J.'s past employment at Walmart suggests some ability to engage in work. Furthermore, even Dr. Cooper, whose opinion the ALJ rejected as unpersuasive, did not state Mr. J. is unable to work. Remand for further proceedings is required. On remand, the ALJ shall assess all medical opinion testimony as well as symptom testimony presented by Mr. J. The ALJ's shall reconsider the five-step analysis applicable to Mr. J.'s case, including a thorough analysis at steps three and five.

CONCLUSION

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for further proceedings consistent with this opinion. On remand, the ALJ shall address the errors set forth herein, reconsider the evidence, develop the record as needed, conduct a new sequential evaluation, and issue a new decision.

//

Accordingly, **IT IS HEREBY ORDERED**:

    1.    Mr. J.'s Brief, **ECF No. 10**, is **GRANTED**.

    2.    Defendant's Brief, **ECF No. 13**, is **DENIED**.

    3.    This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Mr. J. and the file shall be **CLOSED**.

    **DATED** April 1, 2026.

        REBECCA L. PENNELL
        United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
* 15